J-S19009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY STROMBERG | : | |
| | : | |
| Appellant | : | No. 2133 EDA 2024 |

Appeal from the PCRA Order Entered July 12, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0503061-1996

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:                   **FILED JUNE 4, 2025**

Larry Stromberg appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas on July 12, 2024, dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, as untimely. Because we agree with the PCRA court that Stromberg's petition was untimely, and further that he failed to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's order denying the PCRA petition.

On June 6, 1997, following a jury trial, Stromberg was convicted of one count each of first-degree murder, second-degree murder, burglary, possessing an instrument of crime ("PIC"), and contempt related to the fatal stabbing of Stromberg's estranged wife and her mother.

On June 9, 1997, the trial court sentenced Stromberg to consecutive terms of life imprisonment for both murder convictions, a consecutive 120 to 240 months' incarceration for burglary, and no further penalty for PIC and contempt. We affirmed the judgment of sentence on direct appeal and the Pennsylvania Supreme Court subsequently denied allowance of appeal. Over the next two decades, Stromberg filed serial PCRA petitions that were denied.

On February 18, 2022, Stromberg filed the instant PCRA petition. On May 31, 2024, the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, finding the petition was untimely. After consideration of Stromberg's response, the PCRA court dismissed the PCRA petition. This timely appeal followed.

Prior to reaching the merits of Stromberg's claims on appeal, we must first consider the timeliness of his current PCRA petition. **See** **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Stromberg's judgment of sentence became final in 2000, ninety days after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expired. The instant petition, filed more than two decades later, is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Stromberg's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** "[E]xceptions to the time-bar must be pled in the [] petition, and may not be raised for the first time on appeal." ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues

- 3 -

not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, Stromberg has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. In his petition, Stromberg asserts he meets the requirements of Section 9545(b)(1)(ii), i.e., the newly discovered fact exception to the PCRA's time-bar, based on his claim that he recently learned his trial counsel did not inform him of a possible plea deal. ***See*** PCRA Petition, 2/18/22, at 3.

Section 9545(b)(1)(ii) "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation, emphasis, and brackets omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own

- 4 -

interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

Stromberg's assertion that this information is new to him is belied by the record. Stromberg presented the same claim in his first PCRA petition filed in 2009. ***See*** PCRA Petition, 3/20/09, at 3 ("[Trial counsel] failed to inform me of a deal offered by the district attorney, if I plead guilty. The deal was for 40-80 years, and I would have taken the deal if I would of known about the offer … [Trial counsel] sent a letter stating there was a deal offered.") (unnecessary capitalization omitted). Stromberg further raised the same claim in serial petitions filed in 2018 and 2020. ***See*** PCRA Petition, 8/7/2018, at 6; ***see also*** PCRA Petition, 4/13/20, at 3-4.

Further, Stromberg's substantive claim of trial counsel ineffectiveness cannot support an exception to the time-bar either. ***See Commonwealth v. Mitchell***, 141 A.3d 1277, 1284-85 (Pa. 2016); ***see also Commonwealth v. Gamboa–Taylor***, 753 A.2d 780, 785 (Pa. 2000) (ineffective assistance of counsel claim does not save an otherwise untimely petition for review on the merits).

Finally, we note that subsequent to Stromberg filing the instant PCRA petition, Stromberg filed numerous correspondence with the trial court each purporting to supplement or amend the PCRA petition. Through these supplements, Stromberg appears to add a claim that law enforcement,

judiciary officers and district attorneys that were assigned to his case presently have pending criminal investigations, prosecutions, and/or disciplinary action against them. **See** "Supplement", 8/22/22; **see also** "Supplement", 9/5/23; **see also** "Supplement", 9/7/23. In later attempts to supplement his petition, Stromberg for the first time seeks access to his "H-file" to "find **Brady**[1] violations" related to the same corruption claims above. **See** "Supplement", 5/2/24; **see also** "Supplement", 6/7/24 (filed after the court provided its notice of intent to dismiss the petition pursuant to Rule 907, again seeking access to his "H-File" to find **Brady** violations).

There is no indication in the record or on the docket that the PCRA court ever granted Stromberg leave to supplement or amend the PCRA petition. Accordingly, any claims raised outside the PCRA petition filed on February 18, 2022 are not before us. **See Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015).

Similarly, after a review of the record, we also find that no claim regarding a **Brady** violation was included in the instant PCRA petition. As this claim was not raised in Lawrence's PCRA petition, it is waived for purposes of this appeal. **See Burton**, 936 A.2d at 525; **see also** Pa.R.A.P. 302(a).

Even if Stromberg did preserve a **Brady** claim in his PCRA petition, he would not be entitled to an indefinite period to raise that claim in any event.

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

"Although a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted); **see** 42 Pa.C.S.A. § 9545(b)(1)(i). "In other words, a petitioner is required to show that but for the interference of a government actor 'he could not have filed his claim earlier.'" **Commonwealth v. Vinson**, 249 A.3d 1197, 1205 (Pa. Super. 2021) (*citing* **Stokes**, 959 A.2d at 310).

Stromberg has failed to allege that government officials impeded him in any way from presenting a claim cognizable under the PCRA within the required time frame. Nor does Stromberg even assert when he learned of this information regarding corruption of law enforcement officials or that he acted with due diligence to discover this information.

Accordingly, because Stromberg has not satisfied an exception to the PCRA's jurisdictional time-bar, the PCRA court did not err in finding Stromberg's petition was untimely. We therefore affirm the PCRA court's order dismissing the PCRA petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/4/2025</u>